DECISION
This appeal concerns certain child care expense matters for the 2007 tax year. Plaintiffs claimed a total of $4,878 for the year. Defendant will allow $1,557 of that amount. The remainder — $3,321 — was discussed at trial.
The trial in this matter was held January 21, 2009. Lisa Archer and Brad Tilton testified on their own behalf. James Carter, auditor, represented Defendant. Shannon Ball, auditor, and Beaula Kathrine Brashers-Selvy, child care provider, testified as witnesses.
 I. STATEMENT OF FACTS
In 2007, Plaintiff Lisa Archer (Archer) worked for part of the year and was unemployed and seeking employment for the remainder of the year. She has a daughter, Sarissa, and a son who required child care services. Those services were provided by Beaula Kathrine Breshears-Selvy (Brashears). Brad Tilton (Tilton) is the father of Sarissa; he did not reside with Archer during 2007. They maintained separate households.
Archer did not have a bank account in 2007. She cashed her unemployment checks and wage checks to obtain cash to pay her bills. *Page 2 
Archer reported $4,878 in child care expenses in 2007. She testified she paid those expenses in cash. Defendant reviewed Archer's return and certain additional information and ultimately concluded that she had failed to substantiate the payment of her expenses for child care.
The evidence establishes that, during 2007, Tilton was responsible for the health care needs of the children. Tilton did not claim any child care expenses on his 2007 Oregon income tax return. Archer provided the funds for childcare. Written receipts were provided. Both parents dropped off and picked up at the childcare facility. Most of the times, Tilton delivered the cash payments to Breshears; the latter was unaware whose money it was. Both Plaintiffs testified under oath that Archer was the source of the majority of funds.
Breshears, the provider, testified at trial. She was unable to provide many details or factual background. Much of her presentation was inconsistent and not credible.
 II. ANALYSIS
ORS 315.262[1] provides a refundable credit for certain low-income taxpayers to partially offset the taxpayer's child care costs incurred for the purpose of allowing the taxpayer to work or attend school. The credit is commonly referred to as the working family child care credit. The statute provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316
equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
ORS 315.262(2). *Page 3 
ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependent child or children. That credit is referred to as the dependent care credit.
When, as in this case, the Department of Revenue (department) denies the credit and the taxpayer appeals, the taxpayer must prove her case by a preponderance of the evidence. ORS 305.427. This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4OTR 302, 312 (1971); see also Riley Hill General Contractor v. TandyCorp., 303 Or 390, 394, 737 P2d 595 (1987) (defining "preponderance" as "the greater weight of evidence.")
The question in this case is whether Archer convincingly demonstrated that she actually was the source of the funds paid to Breshears for the child care services her children received during 2007.
Child care expenses were clearly incurred during 2007. It is likely that they were paid for by either Archer or Tilton. Tilton did not claim any expenses for this category. That leaves Archer as the source of funds. Although the receipts issued do not delineate specifically who made the payments and when they were received, those details were provided by Plaintiffs' sworn, uncontradicted testimony.
OAR 150.315.262(3) states that "[t]he payments must be made by the parent claiming the working family child care credit. Payments made by an entity or individual other than the parent claiming the credit are not payments made by the taxpayer." It is not who delivered the payments but, rather, the source of those funds.
The court finds Plaintiffs' evidence to be consistent and persuasive. Moreover, the court finds Archer and Tilton to be credible. In these appeals, a preponderance of the evidence is *Page 4 
required to sustain the burden of proof. That burden of proof shall fall upon the party seeking affirmative relief. ORS 305.427. Plaintiffs have met that statutory requirement in this record.
 III. CONCLUSION
On the evidence before it, the court is persuaded that Plaintiff Archer provided the funds to pay for the claimed 2007 child care services. Accordingly, Plaintiffs' request for the working family child care credit and the credit for dependent care expenses is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that appeal is granted in the amount of $4,878 child care expenses.
Dated this ___ day of April 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on April 23,2009. The Court filed and entered this document on April 23, 2009.
[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2005. *Page 1